

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

October 20, 1955

Hon. Robert S. Calvert          Opinion No. S-178
Comptroller of Public Accounts
State of Texas                  Re: Interpretation of Chapter
Austin, Texas                       522, Acts of the 54th Legis-
                                    lature, 1955, levying excise
                                    taxes and requiring permits
                                    in connection with the sale
Dear Mr. Calvert:                   of radios and television sets.

You have directed our attention to House Bill No. 630 (Ch. 522, Acts 54th Leg., R.S., 1955, p. 1607), stating that your department is having difficulty in interpreting Sections 1(e) and 2(a), and have submitted to us for our opinion the following questions:

"Will a Distributor be required to qualify as a Retailer and be liable for the tax herein provided for a Retailer if said Distributor shall sell a radio or television set to any person not holding a valid permit as required by this Act?

"Section 2(a) provides: 'that the tax imposed herein shall not apply to radios installed in new motor vehicles upon which a tax imposed by Chapter 184, Article VI, Acts of the Regular Session of the Forty-Seventh Legislature, as amended, has been paid or is required to be paid.' Will this tax apply to Radios sold to be installed in New Cars or Used Cars? Will Car Dealers be required to secure a retailer's permit?

"A concern manufactures and sells a bicycle with a radio attached. This bicycle and radio are sold as a single unit. Would this sale be taxable? If so, would the tax be based on the value of the radio or on the total value of the sale?"

Section 1(e) of H. B. No. 630 reads as follows:

"'Distributor' shall mean and include every person other than a retailer who engages in the

business of distributing or selling radios and/or television sets within this State. If any distributor shall sell, use or distribute a radio or television set as a gift, award or reward to any person not holding a valid permit as required by this Act, said distributor shall qualify as a retailer and be liable for and shall be required to pay over to the State of Texas, at the time and in the manner herein provided for a retailer, the tax on such radio and television set."

A careful reading of this section gives the interpretation that the words "gift, award or reward" limit or restrict the meaning of the word "sell" to apply only where the sale was made for the purpose of a gift, award or reward. Therefore, it is our opinion that a distributor who sells, uses or distributes a radio or television set to any person not holding a retailer's permit for use as a gift, award or reward, and not for resale, must qualify as a retailer and be liable for the tax thereon, but such requirement does not apply in the case of a distributor who sells to any person for the purpose of resale.

Chapter 184, Article VI, Acts of the Regular Session of the 47th Legislature, as amended, has been codified as Article 7047k, Vernon's Civil Statutes. Section 1a of Article 7047k provides for a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to 1.1 percent of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid for said motor vehicle and all accessories, which would include radios, attached thereto at the time of sale. Section 2a of H. B. 630 exempts from taxation radios installed in new cars on which a motor vehicle retail sales tax has been or is required to be paid. It is our opinion that the tax levied under H. B. 630 applies to retail sales of uninstalled car radios which are sold for installation in a motor vehicle after the time of the first retail sale of the vehicle. It is our further opinion that car dealers who make such retail sales of car radios will be required to secure a retailer's permit under the provisions of Section 5(a) of H. B. 630.

You point out that a concern is manufacturing a bicycle with a radio attached and that the bicycle and radio are sold as a single unit. It is our opinion that the value of the radio separate and apart from the value of the bicycle should be ascertained and the tax provided for in H. B. 630 should be levied on the ascertained value of the radio alone.

## SUMMARY

A distributor who sells, uses or distributes a radio or television set to any person not holding a retailer's permit for use as a gift, award or reward, and not for resale, must qualify as a retailer and be liable for the tax thereon, but such requirement does not apply in the case of a distributor who sells to any person for the purpose of resale. H. B. 630, Ch. 522, Acts 54th Leg., R.S., 1955, p. 1607.

The tax levied under the provisions of H. B. 630 applies to retail sales of uninstalled car radios which are sold for installation in a motor vehicle after the time of the first retail sale of the vehicle. Car dealers who make such retail sales of car radios will be required to secure a retailer's permit under the provisions of Section 5(a) of H. B. 630.

The tax levied by H. B. 630 would apply only to the value of the radio attached to a bicycle.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By    L. W. Gray
   Assistant

APPROVED:

L. P. Lollar
Taxation Division

Mary K. Wall
Reviewer

William W. Guild
Reviewer

Davis Grant
Special Reviewer

Will D. Davis
Special Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General